Hon. Franklin E. White Commissioner, New York State Department of Transportation
This is in response to your counsel's request for an opinion of the Attorney General on whether the State's Vehicle and Traffic Law, §385, with respect to single and tandem axle weight limits and gross weight limits for vehicles, must be modified to comply with the Federal-Aid Highway Act of 1956, 23 U.S.C. § 127, as amended by the Federal-Aid Highway Act of 1982 (Surface Transportation Assistance Act of 1982, Pub L 97-424, Title I, § 133[a], 96 Stat 2123 [enacted Jan. 6, 1983]). You are concerned that if the axle weight limits sanctioned by State law do not comply with the grandfathering rights under23 U.S.C. § 127, Federal funding for interstate highway construction will be jeopardized. It is our opinion that no amendment is necessary to comply with the weight limitations imposed by Federal law inasmuch as present New York law is in full accord with the rights and requirements of23 U.S.C. § 127.
23 U.S.C. § 127 provides that no Federal funds shall be appropriated to any state which does not permit vehicles to use the interstate highway system that are in compliance with Federal weight standards for a vehicle's single axle(s), tandem axle(s) and overall gross weight. Further, the Federal weight limits are maximum limits which cannot be exceeded by a state unless the state possesses rights based on either of the two grandfather clauses of section 127.
For vehicles using the interstate highway system, 23 U.S.C. § 127
states that the weight on any one axle shall not exceed 20,000 pounds, the weight on tandem axles shall not exceed 34,000 pounds, and overall gross weight may not exceed 80,000 pounds. These maximum weight limitations were added to the Federal statute by the Federal-Aid Highway Amendments of 1974.
Since the original enactment of the Federal-Aid Highway Act of 1956, it has always included a grandfather clause legalizing all single axle, tandem axle and gross weights that were in effect in a state on July 1, 1956. The original Act denied funding to states permitting the interstate highway system to be used by vehicles with weights
 "in excess of eighteen thousand pounds carried on any one axle, or with a tandem-axle weight in excess of thirty-two thousand pounds, or with an over-all gross weight in excess of seventy-three thousand two hundred and eighty pounds, or with a width in excess of ninety-six inches, or the corresponding maximum weights or maximum widths permitted for vehicles using the public highways of such State under laws or regulations established by appropriate State authority in effect on July 1, 1956, whichever is the greater" (23 U.S.C. § 127, Pub L 85-767).
Thus, this provision included a broad grandfather clause covering all truck weight categories.
Public Law 97-424, § 133(a) modified the grandfather clause into its current form:
 "Provided, that such overall gross weight may not exceed eighty thousand pounds, permitted for vehicles using the public highways of such State under laws or regulations established by appropriate State authority in effect on July 1, 1956, except in the case of the overall gross weight of any group of two or more consecutive axles, on the date of enactment of the Federal-Aid Highway Amendments of 1974 [enacted Jan. 4, 1975]*, whichever is the greater" (emphasis added).
The legislative history of Pub L 97-424 indicates that the above provision means that Federal apportionments may not be denied to states
 "which allow the operation of vehicles which that State determines, in consultation with the Secretary, could have legally operated in the State on July 1, 1956 . . ." (US Code Congressional and Administrative News, 97th Session, pp 3639, 3661, Report of Public Works and Transportation Committee, Surface Transportation Assistance Act of 1982, Pub L 97-424, HR 97-555).
The Federal Department of Transportation (Federal Highway Administration) also commented on the meaning of the grandfather clause enacted by Public Law 97-424 (Fed Reg, Vol 49, No. 109, June 5, 1984, p 23302, Federal Highway Administration [DOT] notice of final rule, request for comments). The clause was construed to mean that state limits for truck weights applicable to the interstate highway system must be no higher than the Federal limits unless higher weights are grandfathered by virtue of the Federal Aid Highway Act of 1956 (ibid.). Further explaining the provision, the Federal Highway Administration indicated that the weight standards in the Federal-Aid Highway Act of 1956 "including single axle, tandem axle, gross weight, and application of the bridge formula, are no longer permissive . . . these limits are also the maximum limits and cannot be exceeded unless the State possesses rights based on either of the two grandfather clauses in Section 127. One grandfather clause legalizes all single axle, tandem axle, and gross weights that were in effect in a State on July 1, 1956" (id., p 23312).
Thus, it seems clear from the legislative history that the intent of the existing grandfather clause is to grandfather single axle, tandem axle and gross weights permitted in a state on July 1, 1956.
New York's Vehicle and Traffic Law, § 385 provides that the weight on any one axle may not exceed 22,400 pounds (subd 8) and that the weight on any two consecutive or tandem axles may not exceed 36,000 pounds (subd 9). Since these specific axle limitations have been in effect under New York law since 1931, they were grandfathered under 23 U.S.C. § 127
and, therefore, are in full compliance with Federal law.
Section 385 (subd 10) (as amended by L 1977, ch 735), like its Federal counterpart, limits overall gross weight to 80,000 pounds. However, on July 1, 1956, New York limited gross weight to no more than 71,000 pounds. Nevertheless, the Federal grandfather provision, in its key clause "whichever is greater", allows a maximum overall gross weight of 80,000 pounds within New York State. This is so because the State's pre-1956 weights are grandfathered only to the extent that they are greater than the Federal weight limitations. Thus, to the extent that a state's pre-1956 weight limitations are lower than the Federal weight limitations, the Federal gross weight limits should apply. Therefore, the fact that New York State had an overall gross weight limit of 71,000 pounds in 1956 is of no consequence inasmuch as Federal statute provides a gross weight limitation of 80,000 pounds.
This statutory interpretation is supported by the legislative history of23 U.S.C. § 127. In 1982, Congress intended to deal with the so-called barrier states, i.e., those few states having stricter weight requirements than the vast majority of other states, by requiring all states to allow vehicles complying with the Federal limits while permitting the higher state limits grandfathered by Federal law. As stated in a congressional report during passage of the Federal-Aid Highway Act of 1982 (Pub L 97-424):
 "No funds authorized to be appropriated under the 1956 Highway Act may be apportioned to a State which does not permit the operation of such vehicles at such [Federal] maximum weights on the Interstate System within that State. Amounts so withheld will lapse. This provision would eliminate the problem of the three remaining so-called `barrier States' which have not adjusted their weight laws in conformity with the other States and which thus impose an undue burden on interstate commerce" (1982 US Cong Admin News [97th Cong 2d Session], 3642 at 3661).
Hence, the imposition of an overall maximum weight limit of 71,000 pounds for New York State would clearly abrogate Congress' intent that states allow operation of vehicles within the Federal weight limits.
The bridge formula added to 23 U.S.C. § 127 in 1975 did not affect the grandfather clause applicable to axle weights and gross weight. Thus, the axle weights grandfathered under New York law were unaffected. New York law is consistent with the Federal bridge formula pertaining to the overall weight of two or more consecutive axles.
Indeed, a separate grandfather clause was added for the bridge formula which indicates an intent that it is a gross weight measurement apart from axle weight limits. As stated in a Senate Conference Report to the Highway Amendment of 1974:
 "Because of inclusion in the Senate passed bill of a new and additional weight limitation on any group of two or more consecutive axles of vehicles operating on the Interstate System, clarifying language was added by the Conference Committee to express the intent of the Senate as stated by the floor manager when this provision was debated on the Senate floor. The added language makes it clear that any vehicle or combination of vehicles that could lawfully operate in a State on the date of enactment of the Federal-Aid Highway Amendments of 1974 may be permitted to continue to operate on the Interstate System in such State even though the overall gross weight of any group of consecutive axles may exceed that permitted by the formula in this section" (1974 US Cong Admin News [93rd Cong, 2d Session], 8011 at 8031).
Although nothing in the Federal bridge formula indicates that it abrogates the grandfathered axle weight limitations, under State law the New York bridge formula limits the weight of two consecutive sets of tandem axles to 34,000 pounds each (Vehicle and Traffic Law, §385[10]).* This provision is consistent with Federal law (23 U.S.C. § 127). In summary, the Federal bridge formula does not abrogate grandfathered axle weight limitations. State law, however, establishes a 34,000 pound weight limit for each set of consecutive tandem axles.
Having concluded that the weight limitations set forth in Vehicle and Traffic Law, § 385(8), (9) and (10) are in full accord with the requirements and grandfather rights of 23 U.S.C. § 127, no amendment to State law is necessary to ensure the continuation of Federal highway appropriations for New York State.
*
The clause that reads "except in the case of the overall gross weight of any group of two or more consecutive axles [Jan. 4, 1975]" refers to the Federal bridge formula added by the Federal Amendments of 1974. Both Federal and State laws contain the LN parallel "bridge formula" of W = 500 (---- + 12N + 36) where, N-1 with respect to the maximum allowable weight on a group of two or more consecutive axles, W equals overall gross weight on any group of consecutive axles, L equals distance in feet between the extreme of any group of consecutive axles, and N equals number of axles in a group under consideration. (See 23 U.S.C. § 127[a] and Vehicle and Traffic Law, § 385[10][b]).
* We note that to make sure that all truck weight provisions are in compliance with Federal law, New York enacted a savings provision (Vehicle and Traffic Law, § 385[20]) which states that any State law or regulation, to the degree inconsistent with Federal law, shall be deemed null and void, upon notification of a loss of Federal highway aid.